NATHANIEL L. DAYTON & another *vs.* PHILBRICK CRANE & another.

Since the *St.* of 1855, *c.* 363, a certificate of discharge under the insolvent laws of this commonwealth does not protect a debtor, who owed no debts here when the proceedings in insolvency were instituted, from debts contracted while residing in another state, before that statute took effect.

ACTION OF CONTRACT on a negotiable promissory note, made by the defendants on the 9th of April 1855, and indorsed to the plaintiff. Crane was defaulted. Tasker, the other defendant, pleaded a certificate of discharge obtained by him under proceedings in insolvency commenced in 1856 in this commonwealth, in which he was described as of Lowell.

At the trial in the court of common pleas, the plaintiff proved the making of the note at Manchester, N. H. and that Tasker then resided there ; and rested his case. Tasker introduced no evidence but his certificate of discharge, which *Morris*, J. ruled was a bar to the action against him ; the jury returned a verdict accordingly, and the plaintiff alleged exceptions.

*W. P. Webster*, for the plaintiff.

*R. B. Caverly*, for Tasker. As the plaintiff and Tasker both reside in this commonwealth now, it is immaterial where the note was made, or where Tasker then resided. *Marsh* v. *Putnam*, 3 Gray, 551. The *St.* of 1855, *c.* 363, cannot apply to this contract, made before it was passed.

BIGELOW, J. This defendant, at the time of the making of the note in suit, was not an inhabitant of this commonwealth, nor does it appear that when the proceedings in insolvency were instituted he owed any debts here. He was therefore, by the *St.* of 1855, *c.* 363, not entitled to take the benefit of those laws. We do not decide that if it had appeared that at the time of the institution of proceedings in insolvency he owed debts contracted after he removed to and became a resident in this commonwealth, his discharge would not have been valid. No such question was argued.                              *Exceptions sustained*